IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cr-00011 |
| | ) | |
| KANAS LAMONT'E TRENT, | ) | |
| Defendant. | ) | |

## KANAS LAMONT'E TRENT'S MOTION
## TO EXTEND TIME TO FILE MOTIONS TO SEVER

Defendant Kanas Lamont'e Trent, through counsel, this day files a Motion to Extend Time to File Motions to Sever. Mr. Trent makes this motion pursuant to the Sixth Amendment and Rule 14 of the Federal Rules of Criminal Procedure, and asserts that the current filing deadline of January 11, 2019, for defendants' Motions to Sever would violate his right to a fair hearing on the question, and consequently his Constitutional right to a fair trial, for the reasons stated below. Undersigned counsel has contacted co-defendants' counsel in this case number, and Counsel for Ashley Ross, Phillip Miles, Marcus Davis, Tenikqua Fuller, and Deshaun Trent join this motion. Undersigned counsel also has discussed this issue with the government, and the government does not oppose an extension of the current filing deadline. However, the government has stated that it does not agree to Mr. Trent's request to delay the litigation of this issue until June of 2019, because the government believes that June 2019 is too close to the current deadline for the submission of trial exhibits and witness list on August 9, 2019, and would thus prefer an earlier motions deadline and hearing on this issue so it can effectively respond to any subsequent ruling by the court.

1

## PROCEDURAL HISTORY/ARGUMENT

Mr. Trent's counsel first received a drive with discovery materials from the government's Production 5 on November 29, 2018, the same day this Court held its most recent status conference. The drive contained more than 205 gigabytes (GB) of materials, an enormous production by any standard. An initial review of the drive indicates that it contains significant information likely to be at the core of the government's case at trial. For example, the materials include federal grand jury testimony and police reports of government witnesses. As the government recently admitted, "release of discovery Production 5 (and subsequent disclosures) changed the calculus" of the case. United States' Emergency Motion (Dec. 3, 2018) (ECF No. 267). These newly released materials are twice the amount of all discovery previously provided by the government and, when added, to the approximately 145,000 discovery items previously provided increase the current total volume of discovery to 308 GB.

Production 5 is made up of many challenging discovery types. It includes 5,694 video files, 6,911 audio files, 127,677 images, and 8,223 documents. The individual video and audio file files vary in length, with some of the apparently more significant files lasting an hour or more. Even if each video file was only ten minutes in length, it would take counsel at least 949 hours to simply view the files one time, without allowing time for analysis, memorializing, or to revisit significant portions of the files as counsel learn more about the evidence in this case. Setting aside 30 hours per week solely for viewing video files, it would take almost eight months to simply view the files. If each audio file is only five minutes in length, it will take counsel at least 575 hours to simply listen to the file one time, again without allowing any time for determining how the information in the files is appropriately applied to defendant's case. Setting

aside 30 hours per week solely to listen to the audio files, it would take almost five months to simply listen to the files.

Documents also vary in length and density of information. They include thousands of pages of Facebook materials. Often the most probative materials in Facebook production are private messages sent among Facebook users. Although counsel understands an effort is underway to try to obtain additional technological support that could allow these messages to be extracted and grouped for review, no such support is currently available and, even when it is, the thousands or tens of thousands of messages will still need to examined, analyzed, and catalogued. As counsel understands it, the government intends to use images in support of its case to establish an enterprise and the nature of the enterprise, including a criminal nature, relations between persons, and affiliations

Production 5 was supposed to provide copies of materials previously provided to defendants that were inaccessible to defendants' counsel in the format provided by the government. For example, video files listed as provided in Production 2, would not play. The government assured defendants it would provide playable version of these statements when it provided Production 4. When these re-produced materials were review by the Coordinating Discovery Attorney staff, it was discovered that they were produced in the same format as previously provided and still would not play. Apparently the government assured the Coordinating Discovery Attorney staff that the technological problems would be solved, and playable versions of the video files would be included in Production 5. When the Coordinating Discovery Attorney staff reviewed the re-produced video files in Production 5, they discovered that they were in the same format as the files sent in Productions 2 and 4, and still would not play. The government subsequently explained that it had inadvertently looked at the wrong video

3

files when it previously claimed the files were viewable on the government's computers. As counsel currently understands it, there are no viewable versions of these video files available to defendants or to the government.

On December 6, 2018, this Court issued a Scheduling Order (ECF No. 269). The dates scheduled by the Court included January 25, 2019, for a hearing to address all motions to sever. The Court indicated it would not address any other motions to sever after this hearing. The Order further provided that motions for any particular hearing be filed 14 days before the date set for the hearing. This means that motions to sever to be heard at a January 25, 2019, hearing, would have to be filed on or before January 11, 2019.

Defendants in the case have been jointly charged. (ECF Nos. 5 and 207).[1] The government and the Court have indicated preferences for a joint trial. Rule 14(a) of the Federal Rules of Criminal Procedure provides that "if the joinder of . . . defendants . . . for trial appears to prejudice a defendant . . . the court may . . . sever the defendants' trials, or provide other relief as justice requires."[2] This

---

[1] Rule 8 of the Federal Rules of Criminal Procedure provides as follows:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

[2] Rule 14 of the Federal Rules of Criminal Procedure provides as follows:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court

4

Case 4:18-cr-00011-MFU-RSB   Document 288   Filed 12/20/18   Page 4 of 8   Pageid#: 881

rule contemplates that joinder under Rule 8 can be proper and, at the same time, severance can be required. *Unites States v. Cardwell*, 433 F.3d 378 (4th Cir. 2005). Mutually antagonistic or irreconcilable defenses may be so prejudicial in some circumstances as to mandate severance. *See, e.g., United States v. Benton,* 852 F.2d 1456, 1469 (6th Cir. 1988); *United States v. Smith,* 788 F.2d 663, 668 (6th Cir. 1986) *United States v. Magdaniel-Mora,* 746 F.2d 715, 718 (11th Cir. 1984); *United States v. Berkowitz,* 662 F.2d 1127, 1133-1134 (5th Cir. 1981); *United States v. Haldeman,* 181 U.S. App. D.C. 254, 294–295 (1976).

In order to require severance, however, a defendant must argue more than just that severance offers him "a better chance of acquittal." *See United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (internal quotation marks omitted). If defendants have been properly joined under Rule 8, severance under Rule 14 still should be granted if *"*there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Reversal is required if a defendant can show that requiring him to defend against the joined offenses in the same trial resulted in "clear prejudice." *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995). Thus, a "defendant seeking severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." *United States v. Mir*, 525 F.3d 351 (4th Cir. 2008) (internal quotations removed).

As it stands, a joint trial in this matter could involve as many as six to eight co-defendants. In order to make an adequate investigation of bases for a motion to sever, defense counsel must investigate and review and analyze available discovery for each of the six to eight co-defendants who may be part of a joint trial. In light of the fact that the government's discovery still has not been

---

may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

5

provided,[3] or has not been provided in an accessible format, counsel cannot make such an adequate investigation prior to the January 11, 2019, filing deadline for motions to sever. In fact, if Trent's defense counsel each worked 24 hours-a-day from December 6, 2018 (the date of the Court's Scheduling Order), through to midnight on January 11, 2019 (the date the motion to sever is due to be filed)—a total of 864 hours—they would barely have time to even view video and audio files recently provided in Production 5 (based on conservative estimates of time set out above), let alone analyze this discovery and determine how it might prejudice Mr. Trent at a joint trial.

It is fair to say that this case is massive and cumbersome. But the schedule should take into consideration and provide for these undeniable qualities and the imposing burdens placed on defense counsel. Defense counsel moves that, in light of the discovery review and investigation required in this case, it is necessary and reasonable to extend the time to file motions to sever substantially. Counsel propose the Court amend its Scheduling Order (ECF No. 269) and set a hearing for motion to sever for Friday, June 14, 2019.

## CONCLUSION

For the reasons stated above, the Court should grant Mr. Trent's Motion to Extend Time to File Motions to Sever.

Respectfully submitted,

_/s/_____
Michael T. Hemenway, Esq. VA Bar No.: 29820
Counsel for the Defendant
700 East High Street
Charlottesville, VA 22902
(434) 296-3812
(434) 293-3630 Fax
Hemenwaylaw@aol.com

---

[3] The Court's Scheduling Order only required the government to "substantially complete" pretrial discovery, and did not require it to do so until April 1, 2019. (ECF No. 269)

6

Bonnie J. Lepold, Esq. VA Bar No.: 44926
Lepold & Freed, PLLC
414 East Market Street, Suite A
Charlottesville, VA 22902
(434) 282-2380
(434) 282-2382 Fax
blepold@lepoldfreed.com

**CERTIFICATE OF SERVICE**

       I, hereby certify, that on the 20th day of December, 2018, I electronically filed this document through the Court's CM/ECF filing system, and through that system delivered a copy of this pleading to counsel for the United States, Ronald M. Huber and Heather L. Carlton, at the United States Attorney's Office, 255 West Main St, Charlottesville, VA 22902.

       _/s/_____
Michael T. Hemenway, Esq. VA Bar No.: 29820
Counsel for the Defendant
700 East High Street
Charlottesville, VA 22902
(434) 296-3812
(434) 293-3630 Fax
Hemenwaylaw@aol.com

Bonnie J. Lepold, Esq. VA Bar No.: XXX
Lepold & Freed, PLLC
414 East Market Street, Suite A
Charlottesville, VA 22902
(434) 282-2380
(434) 282-2382 Fax
blepold@lepoldfreed.com